**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Duffy Archive Limited,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Signari Gallery LLC,<br><br>　　　　　　Defendant. | Case No. 2:22-cv-00747-JCM-DJA<br><br>**Order** |

Before the Court is Plaintiff Duffy Archive Limited's motion to extend the time for service and to serve Defendant Signari Gallery LLC by publication. (ECF No. 6). Plaintiff asserts that it has attempted to serve both Defendant's registered agent and managing member but has been unsuccessful with both. Because the Court finds that Plaintiff has demonstrated good cause to extend the time for service and has demonstrated that it cannot effectuate service through Defendant's registered agent or managing member, it grants the motion.

**　　A.　　*The Court grants Plaintiff's motion to serve via the Nevada Secretary of State.***

Service is to be provided under the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Under Nevada Rule of Civil Procedure 4.2(c)(1)(A), a Nevada entity or association may be served by delivering a copy of the summons and complaint to: (1) the registered agent of the entity or association; or (2) any managing or general agent of any entity or association. Nev. R. Civ. P. 4.2(c)(1)(A)(1)(i) and (ix). If a plaintiff is unable to effectuate service upon a business entity or association under Rule 4.2(c)(1), Rule 4.2(c)(3) allows for service on a defendant by way of the Secretary of State. Nev. R. Civ. P. 4.2(c)(3).

Here, Plaintiff asserts that it attempted service on Defendant's registered agent on five separate occasions, but each time found that the business was locked. (ECF No. 6 at 2). Plaintiff then attempted service on the owner and managing member of Defendant on five occasions. (*Id.*). But the process server did not receive an answer. (ECF No. 6-4). On one occasion the

-

-

-

-

process server heard activity at the house but noted that it appeared the occupants were evading service. (ECF No. 6-4). Given these circumstances, the Court finds good cause exists for Plaintiff to serve Defendant by way of the Secretary of State.

### B. The Court grants Plaintiff's motion to extend time for service.

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The 90–day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the . . . [90]–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that . . .[90]–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed . . .[90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337.

Plaintiff has also established that an extension of time is warranted. Despite diligent attempts to serve Defendant, Plaintiff still has been unable to accomplish service. Because the service deadline has recently passed, an extension is appropriate to give Plaintiff the time to attempt service on Defendant. The Court thus grants Plaintiff's motion regarding its request to extend time for service.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to serve Defendant via the Nevada Secretary of State and extend the time for service (ECF No. 6) is **granted.** Plaintiff shall have until **September 9, 2022** to effectuate service**.**

**IT IS FURTHER ORDERED** that service of process on Defendant via the Nevada Secretary of State must comply with Nevada Rule of Civil Procedure 4.2(c)(3)(B). Plaintiff must

1  also mail a copy of the summons and complaint to Brian E. Eick at the address Plaintiff last
2  attempted service in compliance with Nevada Rule of Civil Procedure 4.2(c)(3)(C).

    DATED: August 10, 2022

                                              _____
                                              DANIEL J. ALBREGTS
                                              UNITED STATES MAGISTRATE JUDGE